IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREANDOUS A. COTTON,

     Plaintiff,                                No. CIV S-06-1107 GEB DAD P

     vs.

D.L. RUNNELS, et al.,

     Defendants.                         FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is defendants Guzman, Jackson and Sloss-Peck's[1] motion to dismiss for plaintiff's failure to state a cognizable claim for relief against them.[2]  Plaintiff has filed his opposition to the motion.

/////

/////

---

[1] Although plaintiff named correctional officer Peck as a defendant in his complaint, it appears from the motion to dismiss that this defendant's correct name is Sloss-Peck and that is how the court will refer to this defendant herein.

[2] Defendants Anthony, Salenger and Fleischman do not join in this motion.  Defendant Anthony filed his answer on October 2, 2007 and defendant Salenger filed his answer on September 5, 2007.  Defendant Fleischman was subsequently dismissed from the action on January 23, 2008.

1

## COMPLAINT

Plaintiff alleges that on February 2, 2004, he appeared before a committee at High Desert State Prison and was informed that he was being discharged from the institution's treatment center. Plaintiff had been placed in the treatment center for seven days with symptoms of depression and following his report that he was hearing voices. Plaintiff told the committee, which included defendants Dr. Salenger and Dr. Fleischman, that he was still feeling suicidal and was hearing voices. Nonetheless, according to plaintiff, he was told to "give it some time" and was discharged. (Compl. at 5.[3]) While plaintiff was being escorted from the treatment center back to the "unit" by defendant Sloss-Peck and another officer, the latter gave plaintiff his personal property which included two medication bottles, one containing prozac and the other containing respiridol. Plaintiff asked the officer why he was giving him the controlled medications. The unidentified officer allegedly responded by stating that the medications were good for plaintiff and that he should take them. Later that day, plaintiff overdosed on the medications that were left with him.

On February 12, 2004, plaintiff filed an inmate grievance against defendants Sloss-Peck, Fleischman, Salenger, the unidentified officer and others. Appeals coordinator Jackson, who has been named as a defendant in this action, allegedly did not process plaintiff's grievance. Plaintiff subsequently sent letters to the San Quentin Law Office, the Prison Ombudsmen, the Inspector General, the warden, and the Director of the Department of Corrections and Rehabilitation.

In his complaint plaintiff claims that defendant correctional officer Guzman and defendant appeals coordinator Jackson obstructed his attempts to file an administrative grievance

---

[3] The form complaint commences at page 3. A supplemental page has been inserted following page four of the form complaint and will be referred to by the court as page 4a. After page 5 of the form complaint, plaintiff has attached supplemental pages. Those pages shall be cited as "Suppl." Because plaintiff has not numbered the supplemental pages in consecutive order, the court shall number those pages, beginning with page one and continuing to page ten.

against prison officials with respect to this incident. (Compl., Suppl. at 1, 3.) Plaintiff seeks compensatory and punitive damages against both of these defendants. (Id., Suppl. at 7.) In his complaint plaintiff claims that defendant correctional officer Sloss-Peck was deliberately indifferent to his serious medical condition in that Sloss-Peck was aware of the unidentified officer's action and failed to intervene resulting in plaintiff overdosing on the medications left with him. (Id., Suppl. at 4.) Plaintiff also claims that defendant Sloss-Peck's failure to act resulted in plaintiff being deprived of his equal protection rights. (Id., Suppl. at 6.) Plaintiff seeks compensatory and punitive damages against defendant Sloss-Peck as well.

MOTION TO DISMISS

Counsel for defendants contend that the sole allegation concerning defendant Sloss-Peck is that he was one of two officers who, on February 2, 2004, escorted plaintiff from the mental health treatment facility to a general population cell. The other escort officer allegedly gave plaintiff his property along with two bottles of controlled medications. Plaintiff alleges that he commented to the unidentified officer that his medication was usually given to him at specific intervals and the officer responded that the medications were good for plaintiff and that he should take them. Later that day, plaintiff used the medications in a suicide attempt. Counsel argues that plaintiff's complaint contains no allegation that defendant Sloss-Peck knew, or had any information from which he could conclude, that plaintiff planned to harm himself. Counsel contends that pursuant to the decision in Farmer v. Brennan, 511 U.S. 825, 842 (1994), plaintiff's allegations are insufficient to state a cognizable claim against defendant Sloss-Peck.

Next, defense counsel argues that defendants Jackson and Guzman should be dismissed from this action because there is no Constitutional right to a prison grievance appeals system. In this regard, defendants rely upon the decisions in Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991), and Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Moreover, defense counsel argues that even where there is an inmate appeals system in place, the

Fourteenth Amendment right to due process is not violated by a prison official's refusal to process a particular appeal.

### OPPOSITION

Plaintiff opposes the motion to dismiss, arguing that his complaint states a federal constitutional claim for relief. As for defendant Sloss-Peck, plaintiff contends that he was present when the other escort officer gave plaintiff the bottles of controlled medication and that defendant Sloss-Peck failed to intervene. (Opp'n at 5.) Citing the decision in Board of County Commr's of Bryon County v. Brown, 520 U.S. 397, 404-06 (1994), plaintiff argues that one who encourages, promotes or aids the wrongful act of another is also responsible for the wrongful act. (Opp'n at 5.) Plaintiff also contends that there are California Department of Corrections and Rehabilitation (CDCR) rules and regulations prohibiting prisoners from possessing controlled medications and drugs because of the risk of overdose and requiring that only licensed personnel distribute controlled medications. (Id. at 6-7.) Plaintiff argues that defendant Sloss-Peck's violation of those rules and regulations demonstrates his deliberate indifference to plaintiff's mental condition. (Id.)

With respect to defendants Jackson and Guzman, plaintiff argues that he has a constitutional right to an appeals system. (Id. at 8.) Plaintiff repeats the allegations of his complaint about defendant Jackson's refusal to process his administrative appeal and defendant Guzman's refusal to forward another appeal to his superiors. (Id.) Plaintiff asserts that under the AEDPA, he was required to exhaust administrative remedies prior to filing his federal civil rights action and, therefore, defendants cannot hinder or obstruct his efforts to exhaust administrative appeals. (Id. at 9.)[4]

/////

---

[4] In his opposition plaintiff also sets forth arguments in support of his claims against the other named defendants. However, because the pending motion to dismiss is filed only on behalf of defendants Jackson, Guzman and Sloss-Peck, the court will disregard those arguments.

## ANALYSIS

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S. Ct. at 1964-65 (internal citations omitted).

I. Defendant Sloss-Peck

Applying the standards set forth above, the court accepts as true for purposes of resolving the pending motion, the following allegations of plaintiff's complaint:  On February 2, 2004, defendant Sloss-Peck and another correctional officer escorted plaintiff to his housing unit cell from the correctional treatment center where plaintiff had received one week of treatment for depression and hearing voices.  Defendant Sloss-Peck was present when the other correctional officer returned property to plaintiff including two bottles of medication containing prozac and respiridol.  Plaintiff asked the correctional officer why he was giving the controlled medication to

him when typically those medications were dispensed at specific time periods by facility employees. The correctional officer replied that plaintiff should take his medication. Later that day plaintiff attempted suicide by overdosing on the prozac and respiridol that the unidentified correctional officer had given him.

A claim alleging failure to prevent an attempted suicide is based on the Eighth Amendment right to receive adequate medical care. See Olson v. Bloomberg, 339 F.3d 730, 735-36 (8th Cir. 2003) (inmate suicide cases are analyzed using same framework applicable to failure to provide appropriate medical care); Hott v. Hennepin County, Minnesota, 260 F.3d 901, 905 (8th Cir. 2001) ("We have generally treated allegations that officials failed to prevent jail suicides as claims for failure to provide adequate medical treatment."); Hare v. City of Corinth, Miss., 74 F.3d 633, 647 (5th Cir. 1996) ("Most circuits have endorsed a deliberate indifference inquiry as the measure of state officials' constitutional duty to safeguard the basic human needs of pretrial detainees, including protection from suicide."); Popham v. City of Talladega, 908 F.2d 1561, 1563 (11th Cir. 1990) (claim alleging failure to prevent jail suicide is "analogous to the failure to provide medical care."); Lambert v. City of Dumas, 187 F.3d 931, 936 (8th Cir. 1999) ("The right to have medical needs addressed includes the right to be protected from a known risk of suicide.").

Of course, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain which constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to state a claim of cruel and unusual punishment, a prisoner must provide allegations that demonstrate that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). "Where the harm at issue is a suicide or attempted suicide, the second, subjective component of an Eighth Amendment claim requires a dual showing that the named defendant: (1) subjectively knew the prisoner was

at substantial risk of committing suicide and (2) intentionally disregarded the risk." Collins v. Seeman, 462 F.3d 757, 761 (7th Cir. 2006).

At this stage of the proceedings, the undersigned finds that plaintiff's factual allegations against defendant Sloss-Peck are sufficient to raise plaintiff's right to relief on a Eighth Amendment claim above the speculative level. Plaintiff has set forth sufficient allegations to proceed on his claim that defendant Sloss-Peck was deliberately indifferent to his mental health by failing to prevent his suicide attempt. The allegations of plaintiff's complaint suggest that defendant Sloss-Peck was aware that plaintiff had received mental health care and, although aware that plaintiff had in his possession the means by which he could harm himself, took no action to prevent the suicide attempt. Ultimately, of course, defendant Sloss-Peck may prove otherwise. However, at this stage of the proceedings, this claim should survive. Therefore, defendants' motion to dismiss the Eighth Amendment claim against defendant Sloss-Peck should be denied.

II. Defendants Jackson and Guzman

Defendants have moved to dismiss plaintiff's claim that his constitutional rights were violated when his administrative appeals complaining about his treatment in connection with this incident were not properly processed. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Thus, the failure of prison officials to properly implement an administrative appeals process does not raise constitutional concerns. Mann, 855 F.2d at 640; see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."). Specifically, a failure to process a

grievance does not state a constitutional violation.  Buckley, 997 F.2d at 495 ("[N]o constitutional right was violated by the defendants' failure . . . to process all of the grievances [plaintiff] submitted for consideration.").

Plaintiff's only claim against defendant correctional officer Guzman and defendant appeals coordinator Jackson is that they failed to properly process his prison grievance with respect to this incident.  Therefore, the motion to dismiss should be granted as to defendants Jackson and Guzman.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed on July 26, 2007, be granted as to defendants Jackson and Guzman, but be denied as to defendant Sloss-Peck;

2. Defendant Sloss-Peck be ordered to file his answer within thirty days; and

3. Defendants Jackson and Guzman be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cott1107.mtd