IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREANDOUS A. COTTON,

      Plaintiff,                        No. CIV S-06-1107 GEB DAD P

     vs.

D.L. RUNNELS, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are several motions filed by the parties, each of which will be addressed below.

## MOTION TO COMPEL DISCOVERY

        Plaintiff has moved the court for an order compelling further discovery responses from defendants. In this regard, plaintiff asserts that on December 4, 2007, he served defendants with his first request for production of documents and on December 9, 2007, served defendant Salenger with his first set of interrogatories. (Mot. to Compel (MTC), Pl.'s Aff. at 1.) Plaintiff contends that defendants failed to timely respond to his discovery requests and have therefore waived any objections thereto.

/////

1

Defendants argue that their responses to plaintiff's discovery requests were timely served. According to defendants, plaintiff's interrogatories were served on December 9, 2007, and their responses were served on January 22, 2008. (Opp'n at 2.) Defendants contend that plaintiff's request for production of documents was served on December 12, 2007, and the production in response thereto was served on January 15, 2008. (Id.) Defendants argue that their discovery responses were served on plaintiff within the forty-five day time period provided for by the court's discovery order of September 10, 2007. (Id.) The court agrees. Accordingly, plaintiff's motion to compel will be denied

I. Production of Documents Requests No. 4, 7, 8, and 9

Plaintiff next argues that defendants' objections to his specific discovery requests based on relevancy, are "frivolous." (MTC at 3.) The court has reviewed plaintiff's motion as well as defendants' opposition thereto and concludes that no order should issue compelling the production of additional documents. For the most part, plaintiff seeks production of his medical records and documents from his central file relating to his attempted suicide. Plaintiff has access to those documents at his institution of confinement upon his request.

The court also finds that many of plaintiff's specific discovery requests are overly broad, vague, or seek the production of documents that lack relevance to this action. For instance, in request for production number 7, plaintiff seeks "[a]ll incident reports, medical reports, that . . . refer to incidents of inmate overdoses . . . at High Desert State Prison since its opening to the present." (Opp'n at 4; MTC, Ex. 4.) Likewise, plaintiff's request for production number 8 seeks "[a]ll documents . . . since the opening of H.D.S.P. that contain, mention, construe, . . . about safety conditions relating to risk of inmates and unlicensed staff alike being in possession of controlled drugs/medications . . . ." (Id.) Finally, in his request for production number 9 plaintiff seeks "[a]ll other documents, items of evidence . . . that relate to allegations made in plaintiff's complaint . . . ." (Opp'n at 5; MTC, Ex. 4.) These requests are clearly overbroad and no order compelling further responses from defendants is appropriate.

Plaintiff argues that the documents he seeks would provide proof of motive, opportunity, intent . . . plan, knowledge, identity, or absence of mistake or accident." (MTC at 5.) However, plaintiff is reminded that in his Eighth Amendment claim before the court he merely alleges that defendants acted in a manner that encouraged, and failed to prevent, his attempted suicide and that to substantiate that claim plaintiff must establish that defendants acted with deliberate indifference. The documents plaintiff seeks would not aid him in satisfying his burden of proof. Plaintiff's conclusory argument that the documents are relevant to this action is unpersuasive.

II. <u>Interrogatories 4, 5, 8, 9, 11, 12, 14, and 15</u>

These interrogatories were directed by plaintiff to defendant Dr. Salenger who was allegedly "a member of the treatment team that acted to discharge Plaintiff on February 2, 2004[.]" (Opp'n at 7, Response to Interrogatory No. 6.) The court has reviewed Dr. Salenger's responses to the interrogatories in question and finds those responses to be adequate. In those responses, Dr. Salenger confirms that he was part of the clinical treatment team that discharged plaintiff from the Treatment Center on February 4, 2004, and that he became plaintiff's treating clinician after he was returned to the Treatment Center later that same day. Although Dr. Salenger has no present recollection of plaintiff and his treatment of plaintiff, he has attempted to respond to the interrogatories in question by providing as much information as possible regarding plaintiff's discharge on the date in question. Accordingly, plaintiff's motion to compel further responses to these interrogatories will be denied.

MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of

/////

counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

## MOTION TO MODIFY THE SCHEDULING ORDER

The scheduling order in this case was filed on October 23, 2008. Defendants have moved to modify that scheduling order. (Doc. No. 85.) In light of the findings and recommendations filed concurrently with this order, the court will vacate the dates for the filing of pretrial statements, for pretrial conference and for trial. In addition, the court will grant defendants' motion to modify the scheduling order to allow the filing of dispositive motions within forty-five days after the court's ruling on the motion to dismiss filed on behalf of defendants Anthony, Salenger and Sloss-Peck.

Defendants' declaration in support of their motion to modify the scheduling order demonstrates that special circumstances exist. (See Doc. No. 85.) In addition, the court finds that based on assertions plaintiff made in his opposition to defendants' motion to dismiss for failure to exhaust administrative remedies, a summary judgment motion with respect to plaintiff's Eighth Amendment claim may be dispositive of this action.

Plaintiff has filed a document styled, "Motion: For Modifying Pretrial Order for extra (80) days to do discovery," and "Motion To Reinstate Discovery." Without providing any further explanation, plaintiff asserts that he has been "denied the opportunity to complete discovery." (Mot. to Reinstate Discovery at 2.) Plaintiff fails to explain what discovery he has

been unable to complete during the one and a half years since the court filed its order governing discovery on September 11, 2007. Therefore, plaintiff's motions will be denied.

## MOTION TO AMEND OR SUPPLEMENT THE COMPLAINT

In this motion plaintiff requests leave to "supplement" his complaint if he is able to obtain the identify of the Doe defendant who provided staff with the controlled medications that allegedly resulted in his attempted suicide. Plaintiff is advised that pursuant to Rule 15(a), he may file and serve a motion requesting leave to amend his complaint to name a defendant previously identified as a Doe defendant. Defendants will be provided an opportunity to file their opposition, if any, to the motion. The court will therefore deny plaintiff's motion without prejudice as premature.

Plaintiff makes a similar request in his motion for leave to file an amended complaint. For the reasons noted above, that motion will be denied without prejudice as premature.

## PLAINTIFF'S PRETRIAL DOCUMENTS

On March 13, 2009, plaintiff filed a document styled, "Motion for Petition for a Writ of Habeas Corpus Ad Testificandum," in which he requests that he be brought to court for his trial. The motion will be denied as unnecessary. Plaintiff is informed that at the appropriate time the court will issue the writ and that no motion is required from plaintiff in that regard.

On March 13, 2009, plaintiff filed a motion styled, "<u>Motion</u>: For Petition for Writ of Habeas Corpus Ad Testificandum," in which he requests that his witness, inmate Chris Burgess, be brought to trial. The motion will be denied as premature in light of the court's order vacating the trial date. In addition, plaintiff is informed that when he files his pretrial statement, at a date that will be reset by the court if appropriate, he must file a motion requesting the attendance of incarcerated witnesses in the manner set forth in the court's scheduling order.

On March 18, 2009, plaintiff filed a motion requesting an order allowing him to obtain a declaration from inmate witness Chris Burgess. The court will deny this motion without

prejudice. Plaintiff has not provided any explanation as to the information he claims the witness will provide, nor does he describe how the sought after information is relevant to his claim before this court. Plaintiff is also cautioned that discovery in this action closed on January 23, 2009.

On March 23, 2009, plaintiff filed two motions in limine. The motions will be denied without prejudice. At a later date, the court will issue a pretrial order that will provide the deadlines for the filing of motions in limine if appropriate.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 8, 2008 motion to compel (Doc. No. 63) is denied;

2. Plaintiff's March 13, 2009 motion for appointment of counsel (Doc. No. 79) is denied;

3. Plaintiff's March 18, 2009 motion to modify pretrial order to conduct discovery (Doc. No. 83) is denied;

4. Defendant's March 20, 2009 motion to modify the scheduling order (Doc. No. 84) is granted;

5. Plaintiff's March 23, 2009 motion to reinstate discovery (Doc. No. 88) is denied;

6. Plaintiff's March 23, 2009 motion for leave to amend his complaint (Doc. No. 87) is denied without prejudice as premature;

7. Plaintiff's March 23, 2009 motion for leave to file an amended complaint (Doc. No. 91) is denied without prejudice as premature;

8. Plaintiff's March 13, 2009 motion for petition for a writ of habeas corpus ad testificandum (Doc. No. 80) is denied as unnecessary;

9. Plaintiff's March 13, 2009 motion petition for a writ of habeas corpus ad testificandum (Doc. No. 81) is denied as premature;

10. Plaintiff's March 18, 2009 motion requesting a court order to obtain the declaration of witness Burgess (Doc. No. 82) is denied;

11. Plaintiff's March 23, 2009 motions in limine (Doc. Nos. 89 & 90) are denied without prejudice; and

12. The court's scheduling order, filed on October 23, 2008 (Doc. No. 64), is modified as follows:

    a. The requirement that plaintiff's pretrial statement and motion to obtain the attendance of witnesses at trial by filed by May 22, 2009, is vacated to be reset as appropriate;

    b. The requirement that defendant's pretrial statement be filed by June 5, 2009, is vacated to be reset as appropriate;

    c. The pretrial conference set for June 12, 2009, is vacated;

    d. Trial set before the Honorable Garland E. Burrell, Jr. on October 6, 2009, is vacated; and

    d. The deadline for filing of pretrial motions, except motions to compel discovery since discovery is now closed, shall be reset following final disposition of defendants' December 2, 2008 motion to dismiss for failure to exhaust administrative remedies.

DATED: April 29, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cott1107.mtc&sched