IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREANDOUS A. COTTON,

     Plaintiff,                  No. CIV S-06-1107 GEB DAD P

    vs.

D.L. RUNNELS, et. al,

     Defendants.          ORDER

                                      /

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment. Plaintiff has not opposed defendants' motion, but has filed a number of other motions, including a motion for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

**BACKGROUND**

In his complaint plaintiff alleges the following facts. In 2004, he was suffering from depression and hearing voices and was placed in the Correctional Treatment Center (CTC) at his prison, where he was prescribed medication. He was discharged from the CTC after a week, despite still being suicidal. After he was escorted back to his cell, he was given two pill bottles containing Prozac and Risperdal by an unidentified correctional officer, named as John

/////

Doe in plaintiff's complaint, in the presence of defendants Anthony and Sloss-Peck.[1]  The following day, plaintiff overdosed on the medications given to him by the unidentified officer. Compl. at 4-5.  Plaintiff claims that defendants Anthony, Sloss-Peck and John Doe acted with deliberate indifference to his serious medical condition, and seeks compensatory and punitive damages against them.  Id. at 8.

## PLAINTIFF'S MOTIONS

As noted, plaintiff has filed a number of motions that are now pending before the court.  See Doc. Nos. 104-113, 116.  All but one of his motions are nearly identical to motions that this court ruled on in its April 29, 2009 order.  See Doc. Nos. 104 (Motion to Appoint Counsel), 105 (Motion to Reinstate Discovery), 106 (Motion for Leave to Amend the Complaint), 107 (Motion for Leave to File a Supplemental Complaint), 108 (Motion for Order Modifying Pretrial Order), 109 (Motion in Limine for Exclusion of Evidence), 110 (Motion in Limine for Exclusion of Evidence), 111 (Motion for Approval for Judge to Allow Plaintiff to Get Declaration Via Witness Chris Burgess), 112 (Motion for a Petition for a Writ of Habeas Corpus Ad Testificandum Regarding Chris Burgess) and 113 (Motion for a Petition For Writ of Habeas Corpus Ad Testificandum Regarding Plaintiff's Presence).  Plaintiff's one new motion is styled "Motion for 90 Day Extension of Time to Conduct Discovery."  Doc. No. 116.  Defendants have filed oppositions to plaintiff's requests to modify the scheduling order in which plaintiff seeks additional time to obtain a declaration in opposition to summary judgment from witness Burgess. See Doc. Nos. 117-119.

The court has previously denied plaintiff's motions to appoint counsel, to reopen discovery and modify the scheduling order, and his premature motion for a writ to issue for his attendance at trial.  Since plaintiff's renewed motions addressing these same issues raise no new facts or arguments, the court will deny them for the same reasons explained in its April 29, 2009

---

[1] Although plaintiff named correctional officer Peck as a defendant in his complaint, it appears from defendants' pleadings that this defendant's correct name is Sloss-Peck.

order. The court has previously denied without prejudice plaintiff's motions to supplement or amend his complaint, motions in limine, and motion for a writ to allow witness Burgess to attend trial. Again, plaintiff's renewed motions addressing these issues contain no new facts or arguments. Plaintiff has already been instructed that his motions in limine and motion to bring his incarcerated witnesses to trial should be filed after the court issues its pretrial order, and that his motion to amend his complaint is premature until and unless he seeks to add by name the defendant currently identified in his complaint only as John Doe. Accordingly, the court again denies these motions without prejudice.

The court also previously denied without prejudice plaintiff's motion for an order allowing him to obtain a declaration from inmate witness Chris Burgess. The motion was denied because plaintiff did not then identify the information that he claimed the witness could provide nor did he describe how the information sought was relevant to his claims. Plaintiff's renewed request in this regard is tied to his one new motion, which requests a 90-day enlargement of time to conduct discovery under Fed. R. Civ. P. 56(f). See Doc. Nos. 111, 116. In this new motion, plaintiff argues that in order to oppose defendants' pending motion for summary judgment, he requires a court order to obtain a declaration from Burgess. Plaintiff also argues that he needs to conduct additional discovery to obtain the names of prison personnel who were working on the date that he was discharged from the treatment center. In addition, plaintiff states that he cannot oppose defendants' summary judgment motion because African Americans are currently on lockdown at the institution where he is confined and he does not have access to the law library. Plaintiff has submitted a sworn affidavit attesting to these facts. (Aff. Of Pl., Doc. No. 116 at 3.)

Rule 56(f) of the Federal Rules of Civil Procedure provides:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;

/////

      (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

      (3) issue any other just order.

A party seeking a continuance under Rule 56(f) must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir. 1991); Carpenter v. Universal Star Shipping, *S.A.*, 924 F.2d 1539, 1547 (9th Cir. 1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987). See also Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006); California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998) (party opposing on Rule 56(f) grounds needs to the specific facts he hopes to elicit from further discovery, that the facts sought exist and that the sought-after facts are essential to resisting the summary judgment motion); Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts she hopes to discover to raise an issue of material fact").[2]

In his Rule 56(f) motion, plaintiff explains that he needs to obtain a declaration from an inmate named Chris Burgess, who was his cellmate at the time of the incident from which this lawsuit stemmed. As noted, plaintiff's complaint alleges that he was in his cell when an unidentified correctional officer gave him two bottles of medication in the presence of and with the knowledge of officers Anthony and Sloss-Peck. Compl. at 5. Defendants' motion for summary judgment is based in large part on the claims that "medications would not be given to the inmate when an inmate is being returned to his housing unit from CTC" and that "[n]or

---

[2] Of course, pro se pleadings are to be construed liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (pro se complaints, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers").

4

would an inmate be allowed to keep medications while on suicide watch precaution." (Defs.' Mot. For Summ. J. (Doc. No. 102) at 2.) Moreover, in moving for summary judgment in their favor, defendants claim that they were not aware that plaintiff was given any medications and that they would not have allowed plaintiff to possess medications. Id.

Granted, in his motion for a Rule 56(f) continuance plaintiff does not detail exactly what he believes his former cellmate Burgess will attest to regarding this incident. Nonetheless, plaintiff certainly implies that Burgess was an eyewitness to the events at issue. It seems apparent that plaintiff expects that Burgess' testimony will support his version of the facts rather than that of defendants. In other words, plaintiff believes that Burgess will testify in a manner that supports his position that an officer gave plaintiff bottles of medication, and that defendants Anthony and Sloss-Peck were aware of plaintiff's possession of the medication. If plaintiff is correct in this regard, such testimony would be crucial in opposing defendants' motion for summary judgment.

Construed liberally, plaintiff's Rule 56(f) request, and his affidavit in support thereof, demonstrate that plaintiff believes he can obtain an affidavit from Burgess that will raise genuine issues of material fact precluding the granting of defendants' summary judgment motion. That is, plaintiff hopes to obtain testimony from his former cellmate corroborating his version of the events and contradicting that of defendants. In an abundance of caution and in light of plaintiff's pro se status, pursuant to Rule 56(f) the court will grant plaintiff ninety days for the limited purpose of obtaining a declaration or affidavit from witness Burgess and will deny defendants' motion for summary judgment without prejudice to its renewal at the end of the ninety-day period.[3] In addition, in order to bring this matter to a conclusion, the court will direct the wardens at the institutions where plaintiff and potential witness Chris Burgess are incarcerated

---

[3] Defendants may renew their motion for summary judgment at that time by filing and serving a motion that simply incorporates by reference all evidence and arguments submitted in connection to the motion for summary judgment now pending before the court.

to facilitate communication between the two inmates, either in writing or telephonically at the election of the wardens, for the sole purpose of determining whether Burgess can or will provide the sought after declaration and, if so, securing the delivery of that declaration to plaintiff for purpose of filing it with the court.

Upon defendants' renewal of their motion for summary judgment, plaintiff shall timely file his opposition or statement of non-opposition thereto in compliance with Local Rule 230(l). Plaintiff will not be granted any additional time for this purpose absent a compelling showing of good cause.[4]

Finally, the court notes that in his Rule 56(f) request plaintiff also claims that in order to oppose the defendants' summary judgment motion he must conduct further discovery to learn the names of the prison personnel working on the day of the incident. It is apparent from plaintiff's repeated motions involving this subject that he still harbors hopes of discovering the name of the correctional officer, identified in his complaint merely as "John Doe," who allegedly gave him the two bottles of medication. Plaintiff again argues that although he has sought this information through discovery and through a motion to compel, he has been unable to obtain it and should be granted additional time to do so.

Plaintiff's long-standing desire to leave discovery open indefinitely in this case in the hope of belatedly amending his complaint to name an additional party defendant is not an appropriate request under Rule 56(f). The incident from which this action stemmed allegedly occurred in February of 2004. Plaintiff filed this lawsuit on May 22, 2006. In its order of April 29, 2009, the court denied plaintiff's motions to compel as well as his motions to supplement or amend his complaint. The latter motions in particular reflected plaintiff's desire to name as a defendant the individual who allegedly gave him the medications when he was discharged from

---

[4] Plaintiff also states that he is unable to oppose defendants' motion for summary judgment because he is currently on lockdown status and lacks law library access. In light of the continuance granted above, the court need not address plaintiff's request for an extension of time on this basis.

CTC. The motions were denied without prejudice at that time because the defendants had adequately responded to plaintiff's discovery requests and plaintiff still was unable to name the Defendant he wished to add to this action. Discovery in this case closed on January 23, 2009, under the court's scheduling order. Plaintiff therefore had over two-and-a- half years to conduct discovery to attempt to identify additional defendants. He simply failed to do so. Certainly, plaintiff has failed to establish good cause for modification of the court's scheduling order or for what amounts to a belated request to re-open discovery in this now dated action. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Most importantly, plaintiff has failed to make an adequate showing that he is entitled to relief under Rule 56(f) in this regard.

## CONCLUSION

For the reasons set forth above, plaintiff will be granted a continuance under Rule 56(f) for the limited purpose of obtaining an affidavit from his former cellmate in his attempt to oppose defendants' motion for summary judgment. Accordingly, it is HEREBY ORDERED that:

1. Defendants' July 31, 2009 Motion for Summary Judgment (Doc. No. 102) is denied without prejudice to its renewal. At the expiration of the ninety-day period provided to plaintiff to obtain the sought after declaration or affidavit, defendants may either file an amended motion for summary judgment including a new brief and supporting documents, or simply renew their motion by filing a notice of such renewal incorporating by reference all arguments and evidence submitted in connection with their motion for summary judgment filed July 31, 2009.

2. Plaintiff's July 31, 2009 Motion to Appoint Counsel (Doc. No. 104) is denied.

3. Plaintiff's July 31, 2009 Motion to Reinstate Discovery (Doc. No. 105) is denied.

4. Plaintiff's July 31, 2009 Motion for Leave to Amend the Complaint (Doc. No. 106) is denied.

5. Plaintiff's July 31, 2009 Motion for Leave to File a Supplemental Complaint (Doc. No. 107) is denied.

6. Plaintiff's July 31, 2009 Motion for Order Modifying Pretrial Order (Doc. No. 108) is denied.

7. Plaintiff's July 31, 2009 Motions in Limine for Exclusion of Evidence (Doc. Nos. 109 and 110) are denied without prejudice as premature.

8. Plaintiff's July 31, 2009 Motion for Approval for Judge to Allow Plaintiff to Get Declaration Via Witness Chris Burgess (Doc. No. 111) is granted.  Plaintiff has ninety (90) days from the date of this order to obtain an affidavit from his former cellmate Chris Burgess. The wardens at the institutions where plaintiff and potential witness Chris Burgess are incarcerated are ordered to facilitate communication between the two inmates, either in writing or telephonically at the election of the wardens, for the sole purpose of determining whether Burgess can or will provide the sought after declaration and, if so, securing the delivery of that declaration to plaintiff for purpose of its filing with the court.

9. Plaintiff's July 31, 2009 Motion for a Petition For Writ of Habeas Corpus Ad Testificandum Regarding Plaintiff's Presence (Doc. No. 113) is denied as unnecessary.

10. Plaintiff's August 3, 2009 Motion for a Petition for a Writ of Habeas Corpus Ad Testificandum Regarding Chris Burgess (Doc. No. 112) is denied without prejudice.

11. Plaintiff's August 13, 2009 Motion For a 90-day Extension of Time (Doc. No. 116) is denied.

12. Pursuant to the court's scheduling order in this action all law and motion is closed, save and except that the court will entertain defendants' renewed motion for summary judgment in keeping with this order.

DATED: March 3, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:
cotton1107.msj56(f)